[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12806
Non-Argument Calendar

_____

D.C. Docket No. 5:12-cr-00066-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE MERRITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 14, 2014)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Eddie Merritt appeals his consecutive 55-month sentence, imposed for his

conviction of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1).

On appeal, Merritt argues that: (1) running his sentence consecutively to his undischarged state probation revocation sentence was procedurally unreasonable because the court treated the Guidelines as mandatory and failed to consider all of the 18 U.S.C. § 3553(a) sentencing factors; and (2) the district court's reliance on one statutory sentencing factor -- the Guidelines' recommendation that the sentence run consecutively -- renders his sentence substantively unreasonable. After thorough review, we affirm.

We review the district court's imposition of a consecutive sentence for abuse of discretion. United States v. Covington, 565 F.3d 1336, 1346 (11th Cir. 2009). We also review reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007).

In reviewing sentences for reasonableness, we typically perform two steps. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we must ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Id.[1] If we conclude that the district court did not procedurally

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for

2

err, we then review the sentence's substantive reasonableness under the totality of the circumstances. Id. A sentence may be substantively unreasonable if it does not achieve the purposes of sentencing stated in § 3553(a). Id. at 1191. A court's unjustified reliance on any one § 3553(a) factor may be a "symptom of an unreasonable sentence," and a sentence may be substantively unreasonable when the court fails to consider pertinent § 3553(a) factors. Id. at 1191-92.

When a prison sentence is imposed on a defendant who is already subject to an undischarged term of imprisonment, the court may elect to run the terms concurrently or consecutively. 18 U.S.C. § 3584(a). The court must make this decision by considering the factors set forth in 18 U.S.C. § 3553(a). Id. § 3584(b). Echoing the statute, the Sentencing Guidelines recommend that, when imposing a sentence on a defendant already subject to an undischarged term of imprisonment, the sentence for the instant offense may run concurrent, partially concurrent, or consecutive to the prior undischarged term of imprisonment. U.S.S.G. § 5G1.3(c). The Guidelines recommend that the court run the sentence in a manner that "achieve[s] a reasonable punishment for the instant offense." Id. To that end, where "[a] defendant was on federal or state probation, parole, or supervised

---

deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

release at the time of the instant offense" and "had such probation, parole, or supervised release revoked[,]" the Guidelines recommend that "the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." Id. § 5G1.3, comment. (n.3(C)).

At Merritt's sentencing, the district court said that it had considered the § 3553(a) factors in determining Merritt's sentence, which was a 55-month consecutive sentence. The court specifically discussed Merritt's criminal history, agreeing with the government's characterization of it and adding that his history was "extensive" and "troubling." The court went on to conclude that Merritt's criminal history was not overrepresented and declined to sentence him under a lower criminal history category as Merritt urged. The also court determined the sentence should run consecutively to Merritt's undischarged state sentence. Contrary to Merritt's argument, there is no indication that the court's statement about its consideration of the sentencing factors (including criminal history) applied only to the length of the sentence. Thus, because the court clearly considered the § 3553(a) factors in determining Merritt's sentence, it did not abuse its discretion in imposing a consecutive sentence. Covington, 565 F.3d at 1346; 18 U.S.C. § 3584(b).

The record also indicates that the sentence was procedurally reasonable. Indeed, there is no indication, as Merritt argues, that the court treated the

Guidelines as mandatory.   Rather, as we've discussed, the court made clear that it considered the § 3553(a) factors.  Pugh, 515 F.3d at 1190.

Finally, Merritt has failed to show that the district court's imposition of a sentence consecutive to Merritt's state sentence was substantively unreasonable. As the record shows, the court did not fail to consider pertinent § 3553(a) factors or unjustifiably rely on any one factor, specifically discussing both the defendant's history and the Sentencing Guidelines' recommendation.  See id. at 1191.  The substantive reasonableness of his sentence is further supported by the Guidelines' suggestion that the imposition of a consecutive sentence seeks to achieve a sentencing purpose set forth in § 3553(a) -- providing just punishment for the offense.  See id. (noting that a sentence may be substantively unreasonable if it does not achieve the purposes of sentencing stated in § 3553); 18 U.S.C. § 3553(a)(2)(A); U.S.S.G. § 5G1.3 comment. (n.3(C)) (recommending that a sentence should run consecutively to a state probation sentence to achieve a reasonable punishment for the instant offense).  On this record, the district court did not abuse its discretion in imposing the 55-month sentence to run consecutively to Merritt's undischarged probation revocation sentence.

**AFFIRMED.**

5